Citation Nr: 1532777 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 09-08 013 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to service connection for a sleep disorder, to include as secondary to service-connected disabilities.


REPRESENTATION

Veteran represented by: Military Order of the Purple Heart of the U.S.A.


ATTORNEY FOR THE BOARD

A. MacDonald, Associate Counsel






INTRODUCTION

The Veteran served on active duty from February 1977 to January 1981.

This case comes before the Board of Veterans' Appeals (Board) on appeal from an April 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia.

This issue was previously before the Board in February 2015, when it was remanded for further development. Specifically, the Board requested a VA examination be provided. As will be discussed below, the remand directives were not completed and additional remand is required.

As discussed in the prior decision, the Veteran was scheduled for a hearing before the Board at the RO in June 2014, but the record reflects that he cancelled his hearing requested. See June 2014 written submission. Thus, his hearing request is considered withdrawn. 38 C.F.R. § 20.704.

This appeal was processed using the Veterans Benefits Management System (VBMS).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Veteran is seeking service connection for his currently diagnosed sleep apnea, to include as secondary to his service-connected disabilities, including traumatic brain injury (TBI).

As discussed, in February 2015 the Board requested a VA examination be provided. The Board specifically requested the examiner review the Veteran's claims file, including his service treatment records, and provide an opinion as to whether the Veteran's currently diagnosed sleep apnea began during service, including following his 1980 head injury, and whether his sleep apnea was caused or aggravated by his service-connected disabilities, including his TBI.

Although an examination was provided in April 2015, the examiner did not review the Veteran's service treatment records. Nor did he provide an opinion as to whether the Veteran's currently diagnosed sleep apnea was caused or aggravated by the Veteran's service-connected disabilities, including his TBI. Because the remand directives were not completed, additional remand is required. Stegall v. West, 11 Vet. App. 268 (1998). (Holding a previous remand confers on the veteran, as a matter of law, the right to compliance with the remand orders).

Accordingly, the case is REMANDED for the following action:

1. Return the Veteran's complete claims file to the April 2015 VA examiner, if available, or to an equally as qualified medical professional. 

The examiner should be asked to review the Veteran's complete claims file, including his service treatment records, and then provide an opinion as to both questions below:

a) Is it as likely as not (50 percent or greater) that the Veteran's currently diagnosed sleep apnea began during, or was otherwise caused by, his active duty service, including his 1980 head injury therein?

b) Is it as likely as not (50 percent or greater) that the Veteran's currently diagnosed sleep apnea was caused or aggravated (permanently increased in severity) by his service-connected disabilities, including TBI?

2. Then, readjudicate the appeal. If the appeal remains denied, provide the Veteran and his representative with a supplemental statement of the case and allow an appropriate time for response.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).